UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREN WILSON, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 15-CV-3237 |
| ) | |
| SOUTHERN ILLINOIS ) | |
| UNIVERSITY SCHOOL OF ) | |
| MEDICINE and ) | |
| DAVID J. OLYSAV, M.D., ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from his incarceration in the Hill Correctional Center.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## Allegations

Plaintiff alleges that on May 29, 2009, Dr. Olysav, an orthopedic surgeon with Springfield Clinic, performed arthroscopic surgery on Plaintiff's right knee at Southern Illinois University.[1] According to Dr. Olysav's notes, the surgery went "excellently."  On July 23, 2009, Dr. Olysav removed Plaintiff's cast, took x-rays, and ordered outpatient therapy for Plaintiff to slowly increase Plaintiff's range of motion.

Plaintiff received physical therapy in prison for the next six months, but his range of motion did not improve.  Dr. Olysav saw Plaintiff on January 26, 2010, and told Plaintiff that he needed aggressive therapy to push down Plaintiff's "high riding" patella. However, Dr. Olysav allegedly forgot to write down a recommendation for further physical therapy so the prison would not provide the therapy.  Since then, Plaintiff has been trying to do physical therapy on his own, but his patella is still "riding high" and his knee pain is worse.  Dr. Olysav has allegedly not responded to Plaintiff's request for Dr. Olysav to put the physical therapy order in writing.

---

[1] Plaintiff may mean that his surgery was performed at Memorial Medical Center.  Southern Illinois University does not have a hospital in Springfield, Illinois.

Current X-rays of Plaintiff's knee allegedly show calcification and a deformed patella. (Plaintiff references exhibits, but those exhibits are not in the docket.) Plaintiff alleges that he got a second opinion in 2015 which states that the surgery was not completely successful. Plaintiff believes that Dr. Olysav "did not do my surgery right," causing Plaintiff pain and disability. Dr. Olysav has allegedly not responded to Plaintiff's request for corrective surgery. In addition to damages, Plaintiff seeks an order directing Dr. Olysav to perform corrective surgery.

## Analysis

A federal court like this one has the power to hear claims based on violations of federal law, as well as state law claims that are supplemental to the federal law claims. 28 U.S.C. § 1331; 28 U.S.C. § 1367. If no federal claim exists, then this Court does not have the power to hear the state law claims.

Prison doctors and nurses are considered government actors, which means that they have a duty based on the Eighth Amendment to the U.S. Constitution to provide adequate medical care to inmates. However, private physicians do not have the same duty. Dr. Olysav is a private surgeon employed by a private clinic, so he is not considered a government actor, and he has no

constitutional duty to provide Plaintiff medical care. An "incidental and transitory relationship with the penal system" does not amount to state action. Shields v. IDOC, 746 F.3d 782 (7th Cir. 2014)(SIU doctors who saw inmate one time for consult were not state actors).

    Dr. Olysav does have a legal duty to exercise ordinary care which arises from state law. A malpractice claim against a private physician like Dr. Olysav is a state law claim that can be pursued in state court, pursuant to state court rules and procedures. However, an affidavit of a qualified professional stating that the case has merit must be attached to a complaint alleging malpractice. 735 ILCS 5/2-622(a).

    Thus, if Plaintiff does have a claim against Dr. Olysav, the claim would be a state law malpractice claim, not a federal claim. A state law malpractice claim against Dr. Olysav cannot proceed in this Court because there is no federal claim to which the state claim might attach. Accordingly, this action will be dismissed, without prejudice.

    Nonetheless, Plaintiff might be able to state a constitutional claim against the medical professionals at the prison who refused to order physical therapy or who refused to provide further necessary treatment for Plaintiff's knee. Plaintiff will be given an opportunity

to file an amended complaint against the individuals at the prison who have been personally involved in these decisions. To be liable under the Eighth Amendment, the prison nurses and doctors must have been deliberately indifferent to Plaintiff's serious medical needs. Townsend v. Cooper, 759 F.3d 678, 689 (7th Cir. 2014). Deliberate indifference is more than negligence—deliberate indifference is the conscious disregard of a known and substantial risk of serious harm to an inmate's health. Id.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed, without prejudice.

2) Plaintiff may file an amended complaint by October 23, 2015, in accordance with this order. The amended complaint will replace the original complaint in its entirety. If Plaintiff does not file an amended complaint, this case will be closed.

ENTERED: October 1, 2015

FOR THE COURT:

                                  **s/Sue E. Myerscough**
                                  SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE